```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **REGINA WATKINS, AS NEXT FRIEND AND PARENT OF ARCKASIER WATKINS,** )<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | No. 09-2149 |
| ) | |
| **SADLER BAILEY, BAILEY AND BENFIELD, P.L.L.C., JACK BEAM, and BEAM & RAYMOND, P.L.L.C.,** )<br>)<br>)<br>) | |
| Defendants. ) | |

### ORDER AFFIRMING CLERK OF COURT'S ORDER TAXING COSTS

Before the Court is the October 7, 2010 Motion to Review Bill of Costs and Motion to Stay filed by Plaintiff Regina Watkins, as next friend and parent of Arckasier Watkins ("Plaintiff"). (Mot. to Review Bill of Costs and Mot. to Stay, ECF No. 141.) In the Motion to Review Bill of Costs, Plaintiff argues that the Clerk of Court erroneously taxed costs against her because the case was close and difficult, there is economic disparity between the parties, and awarding costs would create great economic hardship. (See id. at 1.) Defendants R. Sadler Bailey and Bailey & Benfield, P.L.L.C. ("Bailey Defendants") and Defendants Jack Beam and Beam & Raymond, P.L.L.C. ("Beam Defendants") (collectively, "Defendants") jointly responded in

opposition on October 20, 2010. (Joint Resp. of Defs. to Pl.'s Objection to Bill of Costs and Mot. to Stay, ECF No. 142.)

On December 6, 2010, the Court said it would review the Clerk of Court's taxation of costs, denied Plaintiff's request for a hearing, and directed the parties to file affidavits containing evidence relevant to the factors the Court must consider in reviewing the Clerk of Court's October 1, 2010 order taxing costs against Plaintiff. (Order Granting Pl.'s Mot. to Review Bill of Costs 2-3, ECF No. 143.) The Bailey Defendants filed an affidavit by Donald Capparella, their attorney of record. (See Notice of Filing Aff. of Donald Capparella, ECF No. 144; Aff. of Donald Capparella, ECF No. 144-1.) The Beam Defendants filed an affidavit by J. Gregory Grisham, their attorney of record. (See Notice of Filing Aff. of J. Gregory Grisham, ECF No. 145; Aff. of J. Gregory Grisham, ECF No. 145-1.) Plaintiff filed a sworn declaration about her financial circumstances. (See Notice, ECF No. 146; Sworn Decl. of Regina Watkins, ECF No. 146-1.)

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs" in the court's discretion. Knology, Inc. v.

2

Insight Commc'ns Co., 460 F.3d 722, 726 (6th Cir. 2006) (quoting Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001)); accord McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005) (citing White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)); see also Cooley v. Lincoln Electric Co., No. 1:05-CV-17734, 2011 WL 841535, at *44 (N.D. Ohio Mar. 7, 2011) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party . . . .") (citations omitted). "The function of the court in the process of taxing costs is merely to review the determination of the clerk." BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2679 (3d ed. 1998)).

"Before the district court, 'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." White & White, Inc., 786 F.2d at 732 (quoting Lichter Found., Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)); see also Cooley, 2011 WL 841535, at *44 ("Defendants, who have objected to the payment of costs, bear the burden of proving circumstances sufficient to overcome the presumption in favor of an award of costs.") (citation omitted).

The Sixth Circuit has "identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." Singleton, 241 F.3d at 539 (citation omitted); accord Knology, Inc., 460 F.3d at 726-27; White & White, Inc., 786 F.2d at 730. "Although the ability of the winning party to pay his own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party." Singleton, 241 F.3d at 539 (citations omitted). Factors that courts should ignore include the size of a successful litigant's recovery and the ability of the prevailing party to pay his or her costs. McDonald, 409 F.3d at 732 (citation omitted).

In this case, the Court entered a judgment on February 19, 2010, dismissing Plaintiff's action in accordance with the Order Granting Defendants' Motions for Summary Judgment. (Judgment, ECF No. 131.) Defendants are the prevailing parties and a presumption exists in favor of awarding costs to them. See Knology, Inc., 460 F.3d at 726; Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 893 (6th Cir. 2004); Donahoo v. Ohio Dep't of Youth Servs., No. 5:01CV1137, 2002 WL 31685727, at *2 n.1 (N.D. Ohio Oct. 23, 2002).

4

The Clerk of Court rejected Plaintiff's arguments that the case was close and difficult and that an award of costs would be inequitable because of the economic disparity between the parties. (See Order Taxing Costs 2, ECF No. 140.) He taxed $4,487.36 in costs against Plaintiff in favor of the Beam Defendants and $3,911.34 in costs against Plaintiff in favor of the Bailey Defendants. (See id. at 3.)

Plaintiff has not shown circumstances sufficient to overcome the presumption in favor of awarding costs to Defendants. See White & White, Inc., 786 F.2d at 732. As the Clerk of Court correctly found, the case was not close and difficult. (See Order Taxing Costs 2.) The costs sought by Defendants were necessary and are not unreasonably large. (See, e.g., Bill of Costs, ECF No. 133; Invoices, ECF No. 133-1; Bill of Costs, ECF No. 135; Aff. of Donald Capparella in Supp. of Bill of Cost, ECF No. 135-1.) They are recoverable under 28 U.S.C. § 1920 and are not boutique, unnecessary costs. See 28 U.S.C. § 1920. Defendants did not unnecessarily prolong the case, inject unmeritorious issues, or otherwise behave in a manner justifying denial of costs. See Singleton, 241 F.3d at 539; White & White, Inc., 786 F.2d at 730.

Plaintiff has submitted a sworn declaration in which she states that "[m]y daughter is completely disabled, and I do not believe that the settlement fund available to my child will meet

5

my child's needs for the remainder of her lifetime." (Sworn Decl. of Regina Watkins 1.) She also states, "We currently receive distributions from a Trust, but, the provisions of the Trust mandate that these funds be used for my child's benefit. Consequently, my child does not have any property upon which any award of costs could be [levied]." (Id.)

Although the losing party's indigent status is a relevant factor, Singleton, 241 F.3d at 539, Plaintiff has not submitted sufficient evidence to justify denying costs to Defendants. "The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v. Leroy-Somer, Inc., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004) (citation omitted). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." Id. (citation omitted). "A party is indigent if she is 'incapable of paying the court-imposed costs at this time or in the future.'" Id. (quoting McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)). "The losing party, however, must show an inability to pay to overcome the presumption that the prevailing party is entitled to recover costs. Such a showing can be made upon providing actual documentation of the inability to pay." Lewis v. United States, No. 02-2958 B, 2006 WL 1628091, at *2

6

(W.D. Tenn. Apr. 7, 2006) (quoting Richins v. Deere & Co., 229 F.R.D. 189, 192 (D.N.M. 2004)).

Plaintiff has not offered sufficient details of her financial situation to show that she cannot pay the court-imposed costs at this time or in the future. See, e.g., Lewis, 2006 WL 1628091, at *1-2 (affirming taxation of costs against plaintiff where he claimed that he had "virtually no money" and had been unemployed for five years). Her sworn declaration contains no specific details about her assets, income, expenses, and liabilities. Therefore, she has not demonstrated that denial of costs to Defendants is appropriate. See id.; see also Tuggles, 328 F. Supp. 2d at 846 (declining to waive an award of costs based on plaintiff's financial condition where plaintiff presented an affidavit from the Chapter 7 Trustee for her bankruptcy estate stating that her estate had no assets and from herself stating that her income allows for payment of only her monthly bills); Richins, 229 F.R.D. at 194 (affirming taxation of costs because plaintiffs did not offer "the detailed and specific information that the Court could use to determine whether they could pay an $8,000 cost bill").

"The good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. Good faith without more, however, is an insufficient basis for denying costs to a prevailing party." White & White, Inc., 786 F.2d at 731

7

(citation omitted). Therefore, Plaintiff's good faith in bringing the action is not sufficient to justify denying costs to Defendants. See id.

Because Plaintiff has not shown circumstances sufficient to overcome the presumption in favor of awarding costs to Defendants, the Clerk of Court's order taxing costs against Plaintiff is AFFIRMED. Costs are assessed against Plaintiff and in favor of Defendants in the amounts listed by the Clerk of Court.

Plaintiff has provided no authority for the Court staying execution pending Plaintiff's appeal and has not offered to post a bond. (See Mot. to Review Bill of Costs and Mot. to Stay 1; Br. in Supp. of Objection to Bill of Costs and Mot. to Stay 2, ECF No. 141-1.) Therefore, Plaintiff's motion to stay execution is DENIED.

So ordered this 6th day of July, 2011.

                                                  s/ Samuel H. Mays, Jr.
                                                  SAMUEL H. MAYS, JR.
                                                  UNITED STATES DISTRICT JUDGE